JOHN W. KEITH *vs.* ALFRED A. MARCUS & another.

Suffolk.　March 11, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Evidence. Attorney.*

Declarations of a judge of the United States District Court are not admissible to show what occurred in that court twenty days before, and the fact that the party against whom the evidence is offered was present when the declarations were made, does not make them competent, if they were not made to him nor made under such circumstances that his silence could be treated as an admission.

It is not evidence of negligence on the part of an attorney at law, that he agreed to the insertion in the record of the United States District Court of a statement that his client had been released from arrest by an order of that court on a petition for habeas corpus, when no petition had in fact been filed, if it appears, that the parties at the time treated the case as formally within the jurisdiction of the judge holding the court, and treated his statement, that the arrested client should be released, as equivalent to a formal order, and the record was so made up, presumably with the approval of the court.

In an action by an attorney at law for fees and disbursements, the defendant alleged in recoupment that the plaintiff's services were worthless by reason of his negligence and wrong advice. The defendant introduced evidence, that the plaintiff brought for the defendant certain suits against an attorney of a creditor of the defendant for causing the defendant's arrest. *Held*, that the burden was on the defendant, to prove negligence on the part of the plaintiff in bringing the suits, and to show that there was nothing in the arrest of the defendant to create a liability in damages on the part of the person sued. *Held, also,* that in the absence of evidence that the suits were brought negligently and without good reason to believe that they could be maintained, evidence of money paid by the defendant to third persons on account of such suits rightly was excluded.

CONTRACT by an attorney at law for fees and disbursements. Writ in the Municipal Court of the City of Boston dated January 25, 1901.

On appeal to the Superior Court the case was referred to an auditor, who found for the plaintiff, and later was tried before *Hardy*, J., on the auditor's report and oral evidence. Mr.

Thomson, mentioned by the court, was the attorney for the creditor in whose suit the defendants had been arrested.

The jury returned a verdict for the plaintiff in the sum of $437.03; and the defendants alleged exceptions.

*E. H. Savary*, for the defendants.

*J. G. Holt*, for the plaintiff.

KNOWLTON, J. The first question to be considered is whether there was error in excluding testimony of a conversation between Judge Brown of the United States District Court and Mr. Thomson in reference to what occurred twenty days before, when the defendants were released from arrest. The occurrences of that earlier date could not be shown by subsequent declarations, even though the declarant was a judge of a court. The fact that the plaintiff was present when the alleged declarations were made does not render them competent, for they were not made to the plaintiff, and they do not appear to have been made under such circumstances that his silence can be treated as an admission.

The defendants excepted to the ruling that there was no evidence to go to the jury on the claim for recoupment set up in the answer. This claim was put on two grounds, first that the defendants were injured by the plaintiff's negligence in agreeing with the opposing counsel to a statement from which a record was to be entered, which subsequently was entered in the United States District Court. The statement was in these words, at the end of the record: "and thereafter ordered their release therefrom." The only witnesses who testified to the facts to which these words relate were the plaintiff and one of the defendants. The plaintiff's account of what occurred was as follows: The defendants being under arrest upon an execution for costs were, at his request, taken before Judge Brown from whom he asked for a writ of habeas corpus to obtain their release. The attorney for the creditor having come in, there was a hearing before the judge, and at the close of the arguments the judge, addressing the creditors' attorney said, "Mr. Thomson, are you willing that I should treat this matter as though there had been a formal petition filed for habeas corpus?" Mr. Thomson said "Yes," and Judge Brown said, "Very well. Then I am of the opinion that the men should be released." The

present plaintiff then said to the defendants, "You can go," and they left the court room.

The defendants' testimony was that they "saw Judge Brown, and just as has been stated before, he was of the opinion that if they were not released he should issue an order of release, and after conference between Mr. Thomson and Mr. Worrall [the arresting officer] they were told that they might go." The contention of the defendants is that the plaintiff was negligent in agreeing that the record might show that the judge ordered their release. But we are of opinion that the evidence would not warrant a finding of negligence on this account. The whole evidence indicates that the parties at the time, treated the case as formally within the jurisdiction of the judge, and treated his statement as equivalent to a formal order. The record was made up in that way, presumably with the approval of the court, and we are of opinion that the plaintiff cannot be deemed guilty of negligence in agreeing that the release was under an order of the court.

As to the defendants' contention that there was negligence in advising the bringing of suits against Thomson, there is nothing in the bill of exceptions to show the grounds on which the suits were brought, except that they were founded on the arrest. For all that appears there may have been good grounds for bringing them, and these defendants may yet recover large damages in them. From some of the language used at the trial in reference to them, we may conjecture that they were not well founded; but we cannot go beyond conjecture. The burden was on the defendants to prove negligence on the part of the plaintiff in bringing them. Arrests are often so made as to create a liability in damages. If there was nothing in the arrest of these defendants to create such a liability, the defendants have failed to prove the fact, and we cannot assume it. In the absence of evidence that the suits were negligently brought without good reason to believe that they could be maintained, the evidence of money paid by the defendants to third persons on account of them was rightly excluded.

Everything offered which bore upon the value of the services charged for by the plaintiff was submitted to the jury. We understand that the rulings of the court as to negligence relate

only to the matters set out in the amendment to the defendants' answer, namely, to negligence in consenting to the form of the record and negligence in bringing the suits.

*Exceptions overruled.*